**IN THE COURT OF APPEALS OF IOWA**

No. 21-0833
Filed August 18, 2021


**IN THE INTEREST OF T.M., M.M. and D.M.,**
**Minor Children,**

**B.B., Mother,**
        Appellant.
_____


        Appeal from the Iowa District Court for Crawford County, Mary L. Timko,

Associate Juvenile Judge.


        A mother appeals the termination of her parental rights to three children.

**AFFIRMED.**


        Dean A. Fankhauser of Vriezelaar, Tigges, Edgington, Bottaro, Boden &

Lessman, L.L.P., Sioux City, for appellant mother.

        Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

        Lori J. Kolpin, Aurelia, for minor children.



        Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

A mother appeals the termination of her parental rights to three children.[1] The mother argues the juvenile court erred in finding the children could not be returned to her care and that termination was in the best interests of the children.

I.    **Background Facts and Proceedings**

In the summer of 2019, the mother left the two older children in the care of the maternal grandmother so she could focus on obtaining housing for the family in the Omaha, Nebraska area.  She later left the youngest child in the maternal grandmother's care as well.  This family came to the attention of the Iowa Department of Human Services (DHS) in August, following a report that the family was homeless and the children were left with a caregiver while the mother consumed methamphetamine.  DHS sought removal of the children from the mother's custody, and the court ordered placement to continue with the maternal grandmother.  The children were adjudicated in need of assistance in March 2020, pursuant to Iowa Code section 232.2(6)(c)(2), (g), and (n) (2019).

Throughout the course of proceedings, the children have been placed in the home of the maternal grandmother and her husband.  The children are thriving in that placement.  The mother and father have consistently chosen to reside in other areas of the state, approximately one and one-half hours away from the children. Because of the distance, visits have not always been consistent, but they have fostered a loving bond between the mother and the children.  The mother testified at the termination hearing that she did not want to relocate to the same town as

---

[1] The father's rights were also terminated.  His appeal was dismissed.

the children's placement because the friends she had in the area were the community that supported her prior drug use and the town did not have adequate schools for the children or entertainment activities.

The mother submitted to court-ordered mental-health and substance-abuse evaluations and completed some treatment. She provided positive drug tests for methamphetamine in November and December 2019; February, April, and November 2020; and April 2021. The positive results in early 2020 are particularly problematic because the mother was pregnant with a child born in May of that year, who is not subject to these proceedings. The mother contested the April 2021 results but had no explanation for the allegedly inaccurate results. She guessed it was due to a thyroid medication she was prescribed but does not take. Throughout this case, the mother has minimized the impact drug use has had on her life. She testified the children were removed from her care due to homelessness and only indicated drug use "may have been a factor" when asked directly.

Petitions for termination of the mother's parental rights were filed in January 2021. The State sought termination pursuant to Iowa Code section 232.116(1)(*l*) (2021) for all three children, (f) for the oldest two children, and (h) for the youngest child. Following hearings on February 25 and May 6, 2021, the court terminated the mother's parental rights on all grounds and found termination was in the children's best interests.

## II.      Standard of Review

We review terminations of parental rights de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses."

*In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Our review examines whether the State proved the grounds for termination by clear and convincing evidence. *Id.* "Evidence is 'clear and convincing' when there are no 'serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence.'" *Id.* (quoting *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000)). Our primary concern is the best interests of the children. *C.B.*, 611 N.W.2d at 492.

## III. Discussion

The mother's parental rights were terminated pursuant to Iowa Code sections 232.116(1)(f), (h), and (*l*). "On appeal, we may affirm the juvenile court's termination order on any ground we find supported by clear and convincing evidence." *D.W.*, 791 N.W.2d at 707. Section 232.116(1)(f) and (h) are related and diverge only on the age of the child at issue and how long that child has been removed from parental care. Section 232.116(1)(f) requires that,

(1) The child is four years of age or older.
(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Section 232.116(1)(h) requires that,

(1) The child is three years of age or younger.
(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother does not contest the first three elements of either ground on appeal. The mother argues there is not clear and convincing evidence the children could not be returned to her care because "there is little evidence that [she] . . . used illegal substances around the children, or that any such use impacted her ability to care for the safety and welfare of the children."

The mother's argument is supported by the fact that she has another child who was not adjudicated in need of assistance, but is instead involved with DHS on a voluntary basis. The mother also argues that a 2019 substance-abuse evaluation determined her "methamphetamine use disorder" was diagnosed as "in early remission." However, the record also reveals that since the time of the 2019 substance-abuse evaluation, the mother has provided multiple samples that tested positive for methamphetamine and used the substance while pregnant with her youngest child. She also admitted to using methamphetamine during a period of stress due to college final exams and COVID-19 testing. We also note that this is not the first time this mother has come to the attention of DHS. The children were adjudicated in need of assistance due to the mother's use of substances and homelessness in 2013. Even at the time of the termination hearing, the mother struggled to admit that substance abuse led to both DHS interventions with her family.

"Our legislature has carefully constructed a time frame to provide a balance between the parent's efforts and the child's long-term best interests." *D.W.*, 791 N.W.2d at 707. The children were removed from the mother's care in August 2019

and had not been returned for any trial placement by the last day of the termination hearing in May 2021. The mother contests the results of some of her drug tests, insists that she never tampered with sweat-patch testing, and was unable to enter the testing site due to closure on at least one occasion. Yet, her repeated positive tests for her drug of choice, methamphetamine, are telling. This is not the first time the mother left her children in the care of the maternal grandmother for an extended period of time. The children now reside in that home and are happy, healthy, and thriving. The grandmother intends to maintain safe communication with the mother to enable the children to build a meaningful relationship with the sibling still in the mother's care. These children deserve permanency now. We will not deny it to them any longer. We find the State proved the grounds for termination pursuant to section 232.116(1)(f) and (h) by clear and convincing evidence.

The mother also argues that termination of her parental rights is not in the best interests of the children. "When we consider whether parental rights should be terminated, we 'shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *M.W.*, 876 N.W.2d at 224 (quoting Iowa Code § 232.116(2)). The maternal grandmother has provided a consistent home for the children for approximately two years as of the time of this opinion and has stated she is willing to adopt. The children have adjusted to the grandmother's home and the community. The record is clear that the best option to ensure the "physical, mental, and emotional condition and needs of the child[ren]" is to terminate the mother's parental rights. *Id.*

**IV.    Conclusion**

We find that the State proved the grounds for termination pursuant to section 232.116(1)(f) and (h) by clear and convincing evidence.  We also find that termination is in the best interests of the children.

**AFFIRMED.**

\